STATE OF MAINE                                    DISTRICT COURT AUGUSTA
KENNEBEC, ss                                      CIVIL ACTION
                                                  DOCKET NO. CV-07-274


IDA BOUCHARD,

            Plaintiff
v.                                                JUDGMENT

RICHARD and JEAN
PARENT,

            Defendants


Jury-waived trial was held on the plaintiff's claim for unjust enrichment[1] against the defendants and on defendant Richard Parent's cross-claim. For the following reasons, judgment is entered in favor of defendants Richard Parent and Jean Parent on count II of the plaintiff's complaint and in favor of defendant Jean Parent on defendant Richard Parent's cross-claim.

Findings

On May 28, 1994, the defendants, then married, contemplated purchasing jointly a campground in North Monmouth for $725,00.00. The defendants discussed that they did not have the money for the down payment and agreed to borrow the money from the plaintiff, Richard Parent's mother. At the end of April or early May 1994, defendant Richard Parent discussed with the plaintiff the defendants' need to borrow money. The plaintiff consented to the withdrawal of the money from her credit union

---

[1] Defendant Jean Parent's motion for summary judgment on the breach of contract claim was granted by order dated May 12, 2008.

1

account. The account was held jointly with defendant Richard Parent in case anything happened to her; he did not contribute any money to the account.

The down payment for the campground was $200,000.00. The sellers, the Boyces, took a note for $100,000.00; the defendants used personal funds of approximately $33,000.00 and borrowed $67,400.00 from the plaintiff.

The parties agreed that when the defendants had funds or when the plaintiff needed money, the $67,400.00 would be repaid. No time limits for repayment were set and no interest was charged. The agreement was not reduced to writing. The money was not a gift to the defendants.

At the closing on the campground, defendant Richard Parent endorsed the credit union check to the sellers. (Pl.'s Ex. 1.) After the closing, the defendants formed a corporation and transferred the assets of the campground to the corporation. Defendant Richard Parent managed the campground until it was sold in November 2003 for $1,200,000.00 to his stepson, Jason Campbell. The defendants received $500,000.00 from the sale of the campground. After payment of a mortgage, they retained $250,000.00. Rather than paying the plaintiff, the defendants took a trip to Alaska and bought a house in Florida. The plaintiff's complaint was filed on August 9, 2007.

During the period from 1994 until 2003, the plaintiff asked defendant Richard Parent how the defendants were doing financially and reminded him that at some point, she would like to be repaid the money she had loaned to the defendants. The defendants were not able to repay the money during that time period. The defendants never discussed between themselves that the money from the plaintiff was a gift and did not have to be repaid. (Pl.'s Ex. 2.)

2

Defendant Richard Parent retired in November 2003. He and defendant Jean Parent separated in April 2005 and divorced in February 2007. The divorce judgment provides that the defendants are jointly liable for the $67,400.00 borrowed from the plaintiff. (Def. Jean Parent's Ex. 3.) None of the $67,400.00 has been repaid.

Although defendant Jean Parent alleges she had no knowledge of the loan and never discussed repayment with defendant Richard Parent or the plaintiff, defendant Jean Parent acknowledged the loan on a post-it attached to the stub for the $67,400.00 check. (Pl.'s Ex. 2.) The debt to the plaintiff does not appear on the personal financial statement prepared in February 2004. (Def. Jean Parent's Ex. 1.) That statement was prepared and signed by defendant Jean Parent. Defendant Richard Parent did not see the statement until his divorce proceedings.

Conclusions

Both defendants borrowed $67,400.00 from the plaintiff with the understanding the money would be repaid when they had the ability to do so or when the plaintiff needed the money. This was a contract, supported by sufficient consideration. Restatement (Second) of Contracts § 71 (1979). A claim for unjust enrichment lies only when the parties have not entered a contract. In re Wage Payment Litig. v. Wal-Mart Stores, Inc., 2000 ME 162, ¶ 19, 759 A.2d 217, 224. The plaintiff's claim for breach of contract is barred by the statute of limitations. See Order dated May 12, 2008.

The defendants used the plaintiff's money to buy a campground, which they later sold at a profit. Although the defendants had the ability to repay the plaintiff in 2003, when they sold the campground, they failed to do so. Because of the passage of time, however, the defendants cannot be compelled to repay their contractual obligation to the plaintiff.

3

The entry is

> Judgment is entered in favor of Defendants Richard Parent and Jean Parent and against the Plaintiff on Count II of the Plaintiff's Complaint.
>
> Judgment is entered in favor of Defendant Richard Parent and against Defendant Jean Parent on the Defendant Jean Parent's Cross-claim.

Date: August 27, 2009

Nancy Mills
Justice, Superior Court

4

IDA BOUCHARD  - PLAINTIFF                                DISTRICT COURT
14 BOUCHARD LANE                                         AUGUSTA
FARMINGDALE ME 04344                                     Docket No  AUGDC-CV-2007-00274
Attorney for: IDA BOUCHARD
WADE A RILEY  - RETAINED 08/09/2007
FARRIS FOLEY & DICK                                      **DOCKET RECORD**
88 WINTHROP STREET
AUGUSTA ME 04330


vs
JEAN PARENT  - DEFENDANT
,
Attorney for: JEAN PARENT
DAVID LIPMAN  - RETAINED
LIPMAN & KATZ & MCKEE, PA
227 WATER STREET
PO BOX 1051
AUGUSTA ME 04332-1051


RICHARD PARENT  - DEFENDANT
PO BOX 189,
MANCHESTER ME 04351


Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 08/09/2007

# Docket Events:

08/09/2007 FILING DOCUMENT - COMPLAINT FILED ON 08/09/2007

08/13/2007 Party(s):  IDA BOUCHARD
           ATTORNEY - RETAINED ENTERED ON 08/09/2007
           Plaintiff's Attorney: WADE A RILEY

08/13/2007 Party(s):  RICHARD PARENT
           SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP SERVED ON 06/20/2007

08/13/2007 Party(s):  RICHARD PARENT
           SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP FILED ON 08/09/2007

08/13/2007 Party(s):  RICHARD PARENT
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 08/09/2007

09/07/2007 Party(s):  JEAN PARENT
           SUMMONS/SERVICE - PROOF OF SERVICE FILED ON 06/29/2007

09/07/2007 Party(s):  JEAN PARENT
           SUMMONS/SERVICE - PROOF OF SERVICE SERVED ON 06/28/2007

09/07/2007 Party(s):  JEAN PARENT
           RESPONSIVE PLEADING - ANSWER FILED ON 06/29/2007

09/07/2007 Party(s):  JEAN PARENT
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 06/29/2007

09/07/2007 Party(s):  JEAN PARENT

ATTORNEY - RETAINED ENTERED ON 06/29/2007
Defendant's Attorney: DAVID LIPMAN

09/17/2007 Party(s): JEAN PARENT
DISCOVERY FILING - RULE 26(G) LETTER FILED ON 09/10/2007
Defendant's Attorney: DAVID LIPMAN

09/18/2007 Party(s): IDA BOUCHARD
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 09/13/2007
Plaintiff's Attorney: WADE A RILEY
ANSWER TO INTERROGATORIES; PLAINTIFF'F RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF
DOCUMENTS

10/10/2007 Party(s): IDA BOUCHARD
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 10/02/2007
Plaintiff's Attorney: WADE A RILEY
PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS; PLAINTIFF'S FIRST SET OF INTERROGATORIES
PROPOUNDED UPON DEFENDANT

11/09/2007 Party(s): JEAN PARENT
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 11/07/2007
Defendant's Attorney: DAVID LIPMAN
DEFENDANT JEAN PARENT'S ANSWERS TO INTERROGATORIES; DEFENDANT JEAN PARENT'S RESPONSE TO
PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

12/18/2007 Party(s): JEAN PARENT
MOTION - MOTION SUMMARY JUDGMENT FILED ON 12/14/2007
Plaintiff's Attorney: DAVID LIPMAN
WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING

01/16/2008 Party(s): IDA BOUCHARD
RESPONSIVE PLEADING - RESPONSE FILED ON 01/04/2008
Plaintiff's Attorney: WADE A RILEY
PLAINTIFF'S OPPOSING STATEMENT AND MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION
TO DEFENDANT JEAN PARENT'S MOTION FOR SUMMARY JUDGMENT.

01/18/2008 HEARING - MOTION SUMMARY JUDGMENT SCHEDULED FOR 02/11/2008 @ 1:00  in Room No.  1

01/18/2008 HEARING - MOTION SUMMARY JUDGMENT NOTICE SENT ON 01/18/2008
ATTY RILEY ATTY LIPMAN AND RICHARD PARENT

02/07/2008 Party(s): IDA BOUCHARD
MOTION - MOTION TO CONTINUE FILED ON 02/07/2008
Plaintiff's Attorney: WADE A RILEY
MOTION FOR SUMMARY JUDGMENT HEARING SET FOR 02/11/08 @ 1 PM

02/08/2008 HEARING - MOTION SUMMARY JUDGMENT CONTINUED ON 02/07/2008
ROBERT E MULLEN , JUDGE

02/08/2008 Party(s): IDA BOUCHARD
MOTION - MOTION TO CONTINUE GRANTED ON 02/07/2008
ROBERT E MULLEN , JUDGE
COPIES TO ATTY RILEY, ATTY LIPMAN AND RICHARD PARENT

02/22/2008 HEARING - MOTION SUMMARY JUDGMENT SCHEDULED FOR 03/27/2008 @ 10:00  in Room No.  1

02/22/2008 HEARING - MOTION SUMMARY JUDGMENT NOTICE SENT ON 02/22/2008
           ATTY RILEY, ATTY LIPMAN AND RICHARD PARENT

05/13/2008 HEARING - MOTION SUMMARY JUDGMENT HELD ON 03/27/2008
           ROBERT E MULLEN , JUDGE

05/13/2008 Party(s):  JEAN PARENT
           MOTION - MOTION SUMMARY JUDGMENT OTHER DECISION ON 05/12/2008
           ROBERT E MULLEN , JUDGE
           GRANTED IN PART, DENIED IN PART

05/19/2008 FINDING - JUDGMENT DETERMINATION ENTERED ON 05/12/2008
           ROBERT E MULLEN , JUDGE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO ATTY
           RILEY, ATTY LIPMAN AND RICHARD PARENT

           ORDER - SUMMARY JUDGMENT ENTERED ON 05/12/2008
           ROBERT E MULLEN , JUDGE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO ATTY
           RILEY, ATTY LIPMAN AND RICHARD PARENT
           Judgment entered on COUNT 1 for IDA BOUCHARD and against RICHARD PARENT, JEAN PARENT.

06/12/2008 Party(s):  JEAN PARENT
           DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 06/09/2008
           Defendant's Attorney: DAVID LIPMAN
           NOTICE TO TAKE ORAL DEPOSITION OF IDA BOUCHARD

06/25/2008 Party(s):  JEAN PARENT
           RESPONSIVE PLEADING - CROSSCLAIM FILED ON 06/20/2008
           Defendant's Attorney: DAVID LIPMAN

07/01/2008 Party(s):  RICHARD PARENT
           RESPONSIVE PLEADING - ANSWER AND CROSSCLAIM FILED ON 06/30/2008
           DEFENDANT RICHARD K PARENTS RESPONSE AND CROSS CLAIM TO DEFENDTDANT (SIC)  JEAN A. PARENTS
           CROSS CLAIM

07/08/2008 Party(s):  JEAN PARENT
           RESPONSIVE PLEADING - ANSWER TO CROSSCLAIM FILED ON 07/03/2008
           Defendant's Attorney: DAVID LIPMAN

07/22/2008 ORDER - SCHEDULING ORDER ENTERED ON 07/14/2008
           ROBERT E MULLEN , JUDGE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO ATTY
           RILEY, RICHARD PARENT AND ATTY LIPMAN

07/22/2008 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 11/06/2008

11/26/2008 Party(s):  JEAN PARENT
           OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 11/21/2008

Defendant's Attorney: DAVID LIPMAN

12/11/2008 HEARING - TRIAL MANAGEMENT CONFERENCE SCHEDULED FOR 01/14/2009 @ 1:00  in Room No.  1

12/11/2008 HEARING - TRIAL MANAGEMENT CONFERENCE NOTICE SENT ON 12/11/2008
           ATTY RILEY ATTY LIPMAN AND RICHARD PARENT

12/17/2008 Party(s):  IDA BOUCHARD
           OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 11/26/2008
           Plaintiff's Attorney:  WADE A RILEY

01/15/2009 HEARING - TRIAL MANAGEMENT CONFERENCE HELD ON 01/14/2009
           RICHARD  MULHERN , JUDGE

01/15/2009 ORDER - PRETRIAL/STATUS ENTERED ON 01/14/2009
           RICHARD  MULHERN , JUDGE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO ATTY
           RILEY, RICHARD PARENT AND ATTY LIPMAN

01/15/2009 ORDER - ORDER OF ASSIGNMENT ENTERED ON 01/14/2009
           RICHARD  MULHERN , JUDGE
           AUGSC

01/15/2009 ORDER - ORDER OF ASSIGNMENT SENT ON 01/15/2009
                                                                           COPY ATTY
           RILEY, RICHARD PARENT, AND ATTY LIPMAN

01/21/2009 ORDER - ORDER OF ASSIGNMENT RECVD BY COURT ON 01/20/2009

05/01/2009 TRIAL - TRAILING LIST SCHEDULE OTHER COURT ON 04/30/2009
           AUGSC                                                    JUNE 2 TO 26,
           2009

05/28/2009 TRIAL - BENCH SCHEDULE OTHER COURT ON 06/02/2009 @ 8:00
           AUGSC

05/28/2009 TRIAL - BENCH NOTICE SENT ON 05/28/2009

09/02/2009 TRIAL - BENCH HELD ON 06/02/2009
           NANCY  MILLS , JUSTICE
           Defendant's Attorney: DAVID LIPMAN
           Plaintiff's Attorney:  WADE A RILEY            Reporter: JANETTE COOK
           ALSO PRESENT: RICHARD PARENT, PRO SE                            SEE CLERK'S
           NOTES, WITNESS AND EXHIBIT LIST.                 COVER LETTER AND TRANSCRIPT
           OF DEPOSITION OF IDA BOUCHARD (6/20/08) DELIVERED TO AUGSC DURING TRIAL.

09/02/2009 TRIAL - TRAILING LIST HELD ON 06/02/2009

09/02/2009 FINDING - JUDGMENT DETERMINATION ENTERED ON 08/27/2009
           NANCY  MILLS , JUSTICE
           COPY TO ATTY RILEY, ATTY LIPMAN, DEFT RICHARD PARENT             SEE JUDGMENT
           NOTES.

ORDER - COURT JUDGMENT ENTERED ON 08/27/2009
NANCY MILLS , JUSTICE
COPY TO ATTY RILEY, ATTY LIPMAN, DEFT RICHARD PARENT
Judgment entered for RICHARD PARENT, JEAN PARENT and against IDA BOUCHARD. JUDGMENT IS ENTERED
IN FAVOR OF DEFTS RICHARD PARENT AND JEAN PARENT AND AGAINST THE PLTF ON COUNT II OF THE PLTF'S
COMPLAINT.
Judgment entered for RICHARD PARENT and against JEAN PARENT. JUDGMENT IS ENTERED IN FAVOR OF
DEFT RICHARD PARENT AND AGAINST DEFT JEAN PARENT ON THE DEFT JEAN PARENT'S CROSS-CLAIM.


09/02/2009 FINDING - FINAL JUDGMENT CASE CLOSED ON 09/02/2009

09/04/2009 NOTE - OTHER CASE NOTE ENTERED ON 09/04/2009
           NOTICE OF REMOVAL OF EXHIBITS MAILED TO ATTY RILEY, ATTY LIPMAN, DEFT RICHARD PARENT
                                                          (EXHIBITS IN FILE)

09/10/2009 Party(s): JEAN PARENT
           OTHER FILING - BILL OF COSTS FILED ON 09/10/2009

10/07/2009 Party(s): JEAN PARENT
           OTHER FILING - BILL OF COSTS APPROVED ON 10/01/2009
           NANCY MILLS , JUSTICE
           $274.30 APPROVED                                              COPY TO ATTYS
           LIPMAN AND RILEY, AND DEFT RICHARD PAENT

10/07/2009 NOTE - OTHER CASE NOTE ENTERED ON 10/07/2009
           DISPOSED OF EXHIITS.

10/07/2009 ORDER - ORDER OF ASSIGNMENT RETURN TO ORIG COURT ON 10/07/2009

10/07/2009 CASE STATUS - CASE FILE RETURNED ON 10/07/2009

10/16/2009 ORDER - COURT JUDGMENT COPY TO REPOSITORIES ON 10/16/2009
           DEBORAH FIRESTONE, GARBRECHT LAW LIBRARY, DONALD GOSS


A TRUE COPY
ATTEST: _____
                  Clerk